1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

### EASTERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

| | | |
|---|---|---|
| HORACE BELL, | ) | 1:10-cv-00771 OWW MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| DIRECTOR OF CDCR, et al., | ) | |
| | ) | |
| Respondents. | ) | |

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254. Petitioner's claims arise from alleged violations of the

21   Americans with Disability Act by refusing to provide Petitioner with daily medical showers and

22   refusing to allow Petitioner to work in the inmate dining hall. (Second Am. Pet. at 11, ECF No.

23   11.) On April 22, 2010, Petitioner filed the instant petition for writ of habeas corpus with this

24   Court regarding the alleged violation of the Americans with Disability Act . (Pet., ECF No. 1.)

25   On May 27, 2010 Petitioner filed a second amended petition also alleging violations of the

26   Americans with Disability Act . (Second Am. Pet.)

27   ///

28   ///

# I.    DISCUSSION

## A.    Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## B.    Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in  custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner alleges that he has not been provided daily medical showers as required by the Americans with Disability Act. (Second Am. Pet. at 11.) A writ of habeas corpus is not a proper vehicle to challenge conditions of confinement unrelated to the very fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (quoting Preiser, 411 U.S. at 500). A § 1983 action is a proper remedy for a state prisoner who is making a

1  constitutional challenge to the conditions of his prison life, but not to the fact or length of his

2  custody." <u>Ramirez</u>, 334 F.3d at 855 (quoting <u>Preiser</u>, 411 U.S. at 499).

3       In the present case, Petitioner is not challenging the fact or duration of his confinement;

4  the denial of the asserted  right to daily medical showers challenges a condition of

5  confinement, not the fact or duration of that confinement.  Where a Petitioner seeks to

6  challenge the conditions of his confinement, his claims are cognizable in a civil rights action

7  rather than a habeas corpus action. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991)

8  (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C.

9  § 1983 civil rights action rather than a habeas corpus petition).

10      Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

11  Should Petitioner wish to pursue his claims, he may undertake to  do so by way of a civil rights

12  complaint.

13  **II.    RECOMMENDATION**

14      Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be

15  DISMISSED and the Clerk of Court be DIRECTED to enter judgment and close the case.

16      This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger

17  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and

18  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District

19  of California. Within thirty (30) days after the date of service of this Findings and

20  Recommendation, any party may file written objections with the Court and serve a copy on all

21  parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings

22  and Recommendation."  Replies to the Objections shall be served and filed within fourteen

23  (14) days after service of the Objections.  The Finding and Recommendation will then be

24  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C.

25  § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time

26  ///

27  ///

28  ///

1   may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2   (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5   Dated:   <u>    August 26, 2010    </u>          <u>    /s/ *Michael J. Seng*    </u>
                                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28